**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CRYSTAL TAITT-PHILLIP

      Plaintiff,

v.                                                                                   Civ. No. 21-150 DHU/GBW

LOCKHEED MARTIN CORP. and
ADVANCED IT CONCEPTS, INC.,

      Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL**
**DATE AND FOR ENTRY OF AMENDED SCHEDULING ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion for Continuance of

Trial Date and for Entry of Amended Scheduling Order (*doc. 42*) ("the Motion").

Having reviewed the Motion and the attendant briefing (*docs. 44, 45, 46*), and having

conducted a hearing on the Motion on March 28, 2022, *see doc. 47*, the Court will DENY

the Motion for the reasons stated below.

**I.     BACKGROUND**

Plaintiff Crystal Taitt-Phillip filed her first Complaint in this action on January

19, 2021, bringing claims for premises liability and negligence based on Defendants'

alleged failure to provide adequate warnings for, or otherwise make safe, the power

source for a MRAP Egress Trainer, a piece of training equipment used by the United

States Army.  *See doc. 1-2* at 2; *id.* ¶¶ 6, 14-19.  Defendant Lockheed Martin Services,

LLC—which has since been dismissed as a defendant, *see doc. 22*—and Defendant

Lockheed Martin Corp. removed the action to federal court on February 19, 2021, *doc. 1*.

Plaintiff filed the operative Complaint adding Defendant Advanced IT Concepts, Inc.

(AITC) on August 19, 2021.  *Doc. 26*.

On March 4, 2022, Plaintiff filed the instant Motion for Continuance of Trial Date

and for Entry of Amended Scheduling Order.  *See doc. 42*.  Defendants Lockheed Martin

Corp. and AITC filed separate responses on March 15, 2022.  *Docs. 44*, *45*.  On March 18,

2022, Plaintiff filed her Reply, which narrowed the relief she seeks to an extension of her

expert disclosures deadline.  *See doc. 46* at 1.  The Court held a hearing on the Motion on

March 28, 2022.  *Doc. 47*.

## II.  LEGAL STANDARDS

Plaintiff seeks to extend her expert disclosures deadline under Federal Rule of

Civil Procedure 6(b).  *Doc. 46* at 1.  Her expert disclosures deadline of February 4, 2022,

was contained in the Court's second Order Setting Pretrial Deadlines and Briefing

Schedule.  *See doc. 37* at 2-3.  Therefore, Plaintiff must not only satisfy the requirements

of Federal Rule of Civil Procedure 6(b)(1)(B), which governs extensions of time when

the deadline for completing an act has already passed, *see* Fed. R. Civ. P. 6(b)(1)(B), but

also those of Federal Rule of Civil Procedure 16(b)(4), which governs modifications to

scheduling order deadlines, *see* Fed. R. Civ. P. 16(b)(4).  *See also CGB Diversified Servs.,*

*Inc. v. Forsythe,* Case No. 20-cv-2120-TC-TJJ, 2021 WL 672168, at *1 (D. Kan. Feb. 22,

2021) (stating that where a plaintiff's expert disclosures deadline passed before it filed

its motion for an amended scheduling order, both the "good cause" and "excusable

neglect" standards applied); *Lay v. Wal-Mart Stores E., L.P.*, Civ. No. 20-280 SCY/KK,

2020 WL 6709541, at *2-3 (D.N.M. Nov. 16, 2020) (explaining that a plaintiff must show

both good cause pursuant to Rule 16(b)(4) and excusable neglect under Rule 6(b)(1) to

obtain the court's leave to disclose a new expert and report after his expert disclosures

deadline passed); *Candelaria v. Molina Healthcare, Inc.*, Civ. No. 18-725 WJ/GBW, 2019

WL 4643946, at *9-10 (D.N.M. Sept. 24, 2019) (applying Rules 6(b)(1)(B) and Rule

16(b)(4) to a plaintiff's request to extend the deadline to move for class certification

contained in a scheduling order that had passed).

## A. Federal Rule of Civil Procedure 16(b)(4)

Federal Rule of Civil Procedure 16(b)(4) provides that scheduling orders "may be

modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

"Good cause is likely to be found when the moving party has been generally diligent,

the need for more time was neither foreseeable nor its fault, and refusing to grant the

continuance would create a substantial risk of unfairness to that party."  *Tesone v.*

*Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (internal brackets and

quotations omitted) (quoting 3 James Wm. Moore, Moore's Federal Practice – Civil §

16.14[1][b] (3d ed. 2019)).  Rule 16(b) permits courts to consider possible prejudice to the

nonmoving party, *see id.*, but "does not focus on the bad faith of the movant, or the

3

prejudice to the opposing party," *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

The most important factor for Rule 16(b)'s "good cause" standard is the diligence of the party seeking the extension. *Heuskin v. D&E Transp., LLC*, Civ. No. 19-957 MV/GBW, 2020 WL 5367027, at *4 (D.N.M. Sept. 8, 2020) (citing, *inter alia*, *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Tesone*, 942 F.3d at 989 (internal brackets omitted) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

## B. Federal Rule of Civil Procedure 6(b)

Federal Rule of Civil Procedure 6(b)(1), which governs extensions of time generally, provides that a court may extend the time for a party to complete an act for good cause shown. Fed. R. Civ. P. 6(b)(1). When the requested extension is of a deadline that has passed, the request must be by motion and the movant must show that it failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "[A] finding of excusable neglect under Rule 6(b)(1)(B) requires both a demonstration of good faith by the [movant] and also it must appear that there was a reasonable basis for not complying within the specified period." *Stark-Romero v. Nat'l R.R. Passenger Co.*

*(AMTRAK)*, 275 F.R.D. 544, 547 (D.N.M. 2011) (internal brackets removed) (quoting

*Anderson v. Bank of Am.* (*In re Four Seasons Sec. Laws Litig.*), 493 F.2d 1288, 1290 (10th Cir.

1974)).  Under Rule 6(b), "inadvertence, ignorance of the rules, and mistakes construing

the rules do not constitute excusable neglect."  *Scull v. Mgmt. & Training Corp.*, No. CIV

11-0207 JB/RHS, 2012 WL 1596962, at *5 (D.N.M. May 2, 2012) (quoting *Quigley v.*

*Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005)).

Courts consider the following factors when determining whether a movant has

shown excusable neglect: (i) the danger of prejudice to the opposing party; (ii) the

length of the delay and its potential impact on the proceedings; (iii) the reason for the

delay and whether that reason was within the reasonable control of the movant; and

(iv) whether the movant acted in good faith.  *Hamilton v. Water Whole Int'l Corp.*, 302 F.

App'x 789, 798 (10th Cir. 2008) (citing *United States. v. Torres*, 372 F.3d 1159, 1162 (10th

Cir. 2004), and *Quigley*, 427 F.3d at 1238).  Among these factors, the reason for the delay

is "an important, if not the most important, factor."  *Id.* (citing *Torres*, 372 F.3d at 1163).

Nevertheless, "[a] determination of whether a party's neglect is excusable 'is at bottom

an equitable one, taking account of all relevant circumstances surrounding the party's

omission.'"  *Beebe v. Todd*, Civ. No. 19-545 JHR/JFR, 2020 WL 3639734, at *2 (D.N.M. July

6, 2020) (quoting *Torres*, 372 F.3d at 1162).

### III.   ANALYSIS

Plaintiff requests a six-month continuance of the trial date and entry of an

amended scheduling order extending all pretrial deadlines.  *Doc. 42* at 1.  The Court

denies the Motion to the extent it requests a continuance of a trial setting, because none

yet exists in this case and because Plaintiff has abandoned this request in her Reply

brief.  *See doc. 46*.  Since Plaintiff abandoned her request for an extension of pretrial

order deadlines other than her expert disclosures deadline in her Reply brief, *see*

*generally id.*, the Court will restrict its analysis to Plaintiff's request for an extension of

her expert disclosures deadline, *see id.* at 1.  The Court finds that Plaintiff cannot meet

the requisite legal standards for an extension of her expert disclosures deadline

pursuant to Federal Rules of Civil Procedure 16(b)(4) and 6(b)(1)(B) and therefore

denies the requested extension.

### A.  Federal Rule of Civil Procedure 16(b)(4)

Rule 16(b)(4) requires Plaintiff to "show that [she] has been diligent in

attempting to meet [her expert disclosures deadline], which means [she] must provide

an adequate explanation for any delay."  *See Candelaria*, 2019 WL 4643946, at *3.  For the

reasons discussed at greater length below, the Court finds, first, that Plaintiff's

explanation for her delay is not adequate, and second, that she has not otherwise shown

diligence in attempting to meet her expert disclosures deadline.

First, Plaintiff's explanation for her delay in disclosing her expert witnesses and

producing their reports is not satisfactory.  Plaintiff has asserted different reasons at

different times for seeking an extension.  In the Motion, Plaintiff states that she needs an

extension because (1) the months leading up to the death of Senior Managing Attorney

Russ Heald, an attorney at Plaintiff's counsel's law firm, were "a period of extreme flux

and uncertainty," and (2) Plaintiff's counsel's firm has been unable to find a

replacement for Plaintiff's lead counsel of record, Michael Orth, who left the firm

sometime after Mr. Heald's death, "within the time constraints of the scheduling

order." *Doc. 42* at 1.

This explanation somewhat differs from the explanation Plaintiff's counsel

offered to defense counsel when initially requesting an extension of Plaintiff's expert

disclosures deadline.  On February 4, 2022, the day of Plaintiff's expert disclosures

deadline, Plaintiff's counsel stated that he was "in the process of obtaining local counsel

to assist in this matter" and needed an extension while local counsel took over

Plaintiff's case file.  *Doc. 45-1* at 1.  Twelve days later, a different attorney at Plaintiff's

counsel's law firm informed defense counsel that Plaintiff would request an entirely

new scheduling order, rather than simply an extension of her expert disclosures

deadline, because another of the attorneys representing Plaintiff was leaving the firm,

the firm was having "staffing considerations," and without a continuance of the pretrial

dates Plaintiff's counsel will be "forced into a place of needing to seek dismissal and re-file in state court."  *Doc. 45-3.*

Then, in her Reply brief filed March 18, 2022, and at the March 28, 2022, Motions Hearing, Plaintiff states that she missed her expert disclosures deadline because the paralegal responsible for calendaring the Court's scheduling order deadlines failed to do so.  *Doc. 46* at 3; *doc. 47* at 2.  Plaintiff explains that the paralegal's error was only discovered on the day of Plaintiff's expert disclosures deadline because of the "void" that Mr. Heald's death left in the practice group to which Plaintiff's case is assigned.[1] *Doc. 46* at 2-3.  Plaintiff admits that Mr. Heald was not directly responsible for calendaring the scheduling order deadlines but states that he would have overseen the staff who were responsible for doing so, and that the other attorneys in the practice group were not "up to such an undertaking as to provide guidance on cases like this one" after his death.  *Id.* at 3.

Aside from the shifting nature of Plaintiff's explanations for her need for an extension of her expert disclosures deadline, the relative timing of the various events that precipitated her Motion also undermines the adequacy of her explanation.

---

[1] Plaintiff's counsel states that it filed the instant Motion "immediately" upon discovering that Plaintiff's expert disclosures deadline had expired.  *Doc. 46* at 3.  This assertion overstates the alacrity of counsel's response.  Plaintiff's expert disclosures deadline passed on February 4, 2022, *see doc. 37* at 3, and Plaintiff filed her Motion on March 4, 2022, *see doc. 42*.  Instead, it appears that Plaintiff's counsel emailed defense counsel on the day of the deadline to request an extension, *doc. 45-1* at 1, but did not secure one, *see doc. 44* at 7; *doc. 45* at 4-5 (referencing a deadline of February 4, 2022, for Plaintiff's expert disclosures).

According to Plaintiff's counsel's law firm's website, Mr. Heald passed away on July 20,

2021, *see* Hilliard Martinez Gonzales LLP, Russ Heald, https://hmglawfirm.com/russ-

heald/ (last visited April 25, 2022), nearly three and half months before the second Rule

16 scheduling conference where the Court set the expert disclosures deadline, *see doc.*

*36*.  At the second Rule 16 Scheduling conference, Mr. Orth, Plaintiff's counsel,

represented that he was leaving Plaintiff's counsel's firm and would be bringing new

counsel into the case, *id.* at 3, but he did not indicate that any of the scheduling order

deadlines set by the Court at that conference would pose a hardship for Plaintiff, *see*

*generally id*.  The Court is sympathetic to the loss and disruption felt by Plaintiff's

counsel's firm in the wake of Mr. Heald's passing.  But it cannot find that the death of

an attorney (who was never Plaintiff's attorney of record) almost four months before

Plaintiff's counsel of record agreed to her expert disclosures deadline and seven months

before the deadline itself is an adequate justification for Plaintiff's failure to meet this

deadline.

As for Mr. Orth's departure from the law firm retained by Plaintiff,[2] Mr. Orth is

not the only attorney representing Plaintiff in this case.  Attorney John Martinez has not

entered a formal appearance with the Court (or petitioned for admission) but has

signed filings since the case's inception, *see, e.g., doc. 1-2* (Complaint to Recover

---

[2] The Court notes that Mr. Orth remains Plaintiff's counsel of record, *see doc. 13*, despite the Court
ordering him to withdraw more than one month ago for having left Plaintiff's firm, *see doc. 43* at 2.

Damages for Personal Injuries); and appeared in proceedings on Plaintiff's behalf, *see doc. 47* at 1.  Mr. Martinez has disclaimed any familiarity with the case due to his role at his firm, *see id.* at 2, but the extent of his involvement with Plaintiff's case has no bearing on his obligations in connection with the Court's deadlines, as he is one of the attorneys representing Plaintiff in the record.  Additionally, it appears that at least two other attorneys at the firm retained by Plaintiff were in contact with defense counsel regarding the extension at issue in this Motion.  *See doc. 45-1* at 1-2; *doc. 45-3* at 3.  Since Plaintiff had at least one other attorney responsible for her case (at least on paper), Mr. Orth's departure is not an adequate explanation for her failure to meet her expert deadline.

Second, the Court finds that Plaintiff has not otherwise shown diligent efforts to timely identify experts and disclose their reports.  Circumstances relevant to the question of whether a movant has been diligent in meeting its expert disclosures deadline for purposes of Rule 16(b)(4)'s "good cause" analysis include (i) whether the movant timely disclosed its experts; (ii) the timing of when it should have become apparent to the movant that it needed to retain an expert; (iii) the risk of unfairness to the movant if its motion were denied; and (iv) the potential prejudice to the opposing party if the movant were granted an extension of time to obtain an expert, including whether enough time remained before the close of discovery for the nonmovant to

depose a late-added expert and whether there is a trial setting that would be delayed if

an extension of discovery was necessitated by the late addition of an expert.  *See Lay*,

2020 WL 6709541, at \*3-4.

Plaintiff's expert disclosures deadline passed on February 4, 2022.  Yet, as of

March 28, 2022, Plaintiff had not even employed any experts, let alone obtained

opinions from them or reduced any opinion to a proper expert report required by the

Rules.  *See doc. 47* at 2.  That Plaintiff had yet to retain any experts fourteen months after

initiating the case, *see doc. 1-2*, and six months after filing her amended complaint, *see*

*doc.* 26, is particularly notable because the importance of expert testimony to Plaintiff's

ability to succeed on the merits of her claims should have been apparent from the

outset.

The Court is mindful of the magnitude of the prejudice to Plaintiff if she is

denied the opportunity to designate any expert witnesses.  *See Lay*, 2020 WL 6709541, at

\*4 (describing a "significant" risk of prejudice to a plaintiff if he was not allowed to add

an expert where the expert would opine on an essential element of the plaintiff's

claims); *Scull*, 2012 WL 1596962, at \*9.  However, the Court's finding that Plaintiff has

not been diligent accords with the findings of this Court and sister courts in this district

who have considered requests for extensions in similar circumstances.  *See Scull*, 2012

WL 1596962, at \*7-8 (discussing diligence in the context of Rule 6(b)(1)(B)'s "excusable

neglect" standard and finding that a plaintiff who failed to make an effort to comply

with its expert disclosures deadline or to request an extension prior to missing the

deadline was not diligent); *CGB Diversified Servs., Inc.*, 2021 WL 672168, at \*2 (granting

less than the full extension requested because the court could "infer" that the plaintiff

had been "working with *some* level of diligence" but its motion did not assert that it had

"undertaken any efforts to comply with its expert witness disclosure deadline prior to

the deadline"); *Candelaria*, 2019 WL 4643946, at \*5-6 (gathering cases for the proposition

that a calendaring error may show lack of diligence).

In finding that Plaintiff has not meet the "good cause" standard pursuant to Rule

16(b)(4) for an extension of her expert disclosures deadline, the Court has also

considered the fact that a trial date has not yet been scheduled in this case, a

circumstance which this Court has previously found to weigh in favor of granting the

extension, *see Heuskin*, 2020 WL 5367027, at \*5.  However, the Court is also mindful of

the prejudice to Defendants that would result if it granted Plaintiff an extension of her

expert disclosures deadline, because Defendants have timely disclosed their experts

without the benefit of Plaintiff's expert disclosures.  *See doc. 48*; *doc. 49*.  Therefore,

although the existing deadline for the end of discovery—June 16, 2022, *see doc. 37*—

would enable Defendants to depose any late-added expert(s) for Plaintiff, Defendants

would be unable to add additional defense experts to respond to Plaintiff's expert(s)

within the confines of the existing discovery schedule.

Ultimately, because the diligence of a movant for an extension under Rule

16(b)(4) is paramount, *see Heuskin*, 2020 WL 5367027, at *4 (collecting cases), Plaintiff's

lack of diligence compels a finding that Plaintiff has not shown good cause.

### B.  Federal Rule of Civil Procedure 6(b)(1)(B)

The "good cause" standard under Rule 16(b)(4) is at least as stringent as the

"excusable neglect" standard under Rule 6(b)(1)(B).  *See Candelaria*, 2019 WL 4643946, at

*4; *Stark-Romero*, 275 F.R.D. at 548; *Putnam v. Morris,* 833 F.2d 903, 905 (10th Cir. 1987)

(quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir.1985)).

"Although the exact equivalence of good cause under Rule 6(b) versus Rule 16(b) in this

circuit is uncertain, it is highly improbable that the two standards are wholly unrelated,

or that … conduct relevant to Rule 16(b)(4) would not also bear on … satisfaction of

Rule 6(b)." *Candelaria*, 2019 WL 4643946, at *8 (citation omitted); *see also Gragg v. Roth*,

Case No. CIV-19-1007-SLP, 2021 WL 5992287, at *2 (W.D. Okla. Feb. 12, 2021) (stating

that it was "unnecessary" to analyze excusable neglect under Rule 6(b) due to its

finding that a plaintiff could not establish good cause under Rule 16, because "'good

cause' requires a 'greater showing' than 'excusable neglect,'" but proceeding to address

the Rule 6(b) "excusable neglect" standard anyway (quoting *Gallacher v. Falenla.com*,

Case No. 2:18-cv-00945-DB-JCB, 2020 WL 4904081, at *3 (D. Utah Aug. 20, 2020))).

Therefore, the Court incorporates but will not repeat its preceding good cause analysis

in its analysis of whether Plaintiff has shown excusable neglect pursuant to Rule

6(b)(1)(B) and will discuss additional factors it has considered pursuant to Rule

6(b)(1)(B).

As discussed above, the "excusable neglect" standard is an equitable one that

requires consideration of four factors, which are (i) the danger of prejudice to the

opposing party; (ii) the length of the delay and its potential impact on the proceedings;

(iii) the reason for the delay and whether that reason was within the reasonable control

of the movant; and (iv) whether the movant acted in good faith, *Hamilton*, 302 F. App'x

at 798, although the most important factor is the reason for the delay and whether it was

within the reasonable control of the movant, *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253

(10th Cir. 2017).  The Court previously discussed the first two factors in its preceding

Rule 16(b)(4) analysis.  With respect to the reason for Plaintiff's delay and whether it

was within her control, the Court finds that, notwithstanding the attorney staffing

changes within the firm, the delay was within Plaintiff's, through her counsel, control.

Although multiple district courts in this circuit have held that simple calendaring

errors may constitute excusable neglect, *see Scott v. Power Plant Maint. Specialists, Inc.*,

No. 09-CV-2591-KHV, 2010 WL 1881058, at *3 (D. Kan. May 10, 2010), this circumstance

is not fairly characterized as a simple calendaring error.[3]  The primary problem was not

the specific date on which the expert deadline fell.  Such would be the case where the

expert reports were disclosed a week or two late because of said calendaring error.

Instead, beyond vague and apparently preliminary discussions with possible experts,

Plaintiff's counsel has done nothing to select, hire, coordinate with, identify or properly

disclose experts where such testimony is required by the nature of her allegations.

Notably, the deadline for all discovery is set on June 16, 2022, which would have had to

accommodate significant time for defendant's responsive expert reports and

depositions of all experts.  Given that schedule, regardless of the specific deadline date

for Plaintiff's experts' reports, due diligence would have demanded the process of

---

[3] In so characterizing Plaintiff's explanation for her delay, the Court does not overlook Plaintiff's argument that her circumstances—particularly the death of Mr. Heald—amount to "something more" than a mere calendaring error.  *See doc. 46* at 4-5.  As the Court stated previously, it is not unsympathetic to the effects of Mr. Heald's passing on Plaintiff's counsel and their firm.  However, the Court finds Plaintiff's present circumstances dissimilar to those in *Stark-Romero v. National Railroad Passenger Company (AMTRAK)*, 275 F.R.D. 544 (D.N.M. 2011), which Plaintiff cites for the proposition that the Court should not take an overly-rigid approach to analyzing good cause because of the impact of Mr. Heald's illness and death on Plaintiff's counsel's firm, *see doc. 46* at 4-5 (citing *id.* at 548-49).  In *Stark-Romero*, the court found that an attorney who had experienced multiple consecutive personal crises and other life events while he was responsible for preparing his client's expert witness disclosures had a reasonable basis for his noncompliance with the expert disclosures deadline.  275 F.R.D. at 549.  In so finding, the court noted that the attorney had begun to make attempts to obtain an extension of the experts disclosure deadline before it passed, and that he had already retained experts, before ultimately missing the deadline due to his personal crises.  *Id.*  By contrast, in the case at hand, Plaintiff's briefing does not indicate that the individual who was responsible for calendaring Plaintiff's expert disclosures deadline experienced multiple consecutive life crises; Plaintiff's counsel did not attempt to negotiate an extension of Plaintiff's expert disclosures deadline before it passed; and Plaintiff's counsel has yet to retain any experts.  *See doc. 47* at 2.

obtaining expert testimony to be near completed with two months left in the discovery period.

Moreover, the Tenth Circuit has previously affirmed a district court's finding that a calendaring error did not justify finding "excusable neglect" under Rule 6(b)(1)—particular when that error was not "isolated"—even when three of the other four Rule 6(b)(1)(B) factors weighed in favor of an extension, *Perez*, 847 F.3d at 1253. Consistent with *Perez*, when a calendaring error arises in the context of a party's pattern of dilatory conduct during discovery, courts are less likely to find that the error constitutes excusable neglect. *See, e.g.*, *Martinez v. Draim*, Case No. 18-cv-1098-JAP-KBM, 2018 WL 6788519, at *3 (D.N.M. Dec. 26, 2018); *Candelaria*, 2019 WL 4643946, at *10; *Quarrie v. Wells*, Civ. No. 17-350 MV/GBW, 2020 WL 954177, at *2 n.3 (D.N.M. Feb. 27, 2020) (explaining that "the nature of the [calendaring] error" may determine whether it is excusable or not and stating that it could not determine whether the error was excusable where a detailed explanation for the calendaring error was lacking).

Here, the Court finds evidence that Plaintiff has been dilatory during the discovery process. For instance, Plaintiff did not timely provide its discovery responses to Defendant AITC, *see doc. 45* at 4, and, as noted above, was not diligent in approaching expert discovery in any way. These circumstances, in conjunction with the Court's previous observation that Plaintiff's explanation for its failure to make expert

16

disclosures has shifted, convince the Court that this is not an isolated calendaring error

that might justify a finding of "excusable neglect."  Therefore, the Court also finds that

Plaintiff cannot show good cause to extend her experts deadline under Rule 6(b).

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's Motion for Continuance of Trial Date and

for Entry of Amended Scheduling Order (*doc. 42*) is DENIED.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE