IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRYSTAL TAITT-PHILLIP,

    Plaintiff,

v.                                                      Civ. No. 21-150 DHU/GBW

LOCKHEED MARTIN CORP. and
ADVANCED IT CONCEPTS, INC.,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S OPPOSED MOTION FOR MODIFICATION OF ORDER SETTING PRETRIAL DEADLINES AND BRIEFING SCHEDULE (DOCUMENT 37)

THIS MATTER comes before the Court on Plaintiff's Opposed Motion for Modification of Order Setting Pretrial Deadlines and Briefing Schedule (Document 37) ("the Motion"). *See doc. 77.* Having reviewed the Motion and the attendant briefing (*docs. 86, 88, 94, 95*), and being otherwise fully advised, the Court will GRANT the Motion IN PART and DENY the Motion IN PART for the reasons stated below.

    I.        BACKGROUND

The Court assumes familiarity with the factual background and procedural history of this case and reproduces only those facts pertinent to this ruling. On November 9, 2021, the Court entered the operative scheduling order in this case, which contained a deadline of February 4, 2022, for Plaintiff's expert disclosures and a deadline of June 16, 2022, for the end of discovery. *See doc. 37* at 2-3. The Court's

scheduling order assigned the case to a more-than-seven-month discovery track, *see id.* at 2, a longer period than what is normally approved by courts in this district, based on the case's complexity and the parties' need to obtain discovery from the United States Army.  Plaintiff filed a Motion for Continuance of Trial Date and For Entry of Amended Scheduling Order on March 4, 2022, requesting, *inter alia*, entry of an entirely new scheduling order.  *See doc. 42*.  Plaintiff subsequently narrowed the relief she sought in that Motion to an extension of her expert disclosures deadline only.  *See doc. 46* at 1.  On April 28, 2022, the Court denied Plaintiff an extension of her expert disclosures deadline upon finding that she did not show good cause for an extension pursuant to Federal Rules of Civil Procedure 16(b)(4) and 6(b)(1)(B).  *See doc. 52* ("Order Denying Expert Deadline Extension").  Plaintiff's Rule 72 Objections to that Order are fully briefed, *see doc. 68; doc. 75; doc. 76; doc. 81; doc. 85*, and awaiting decision by the District Judge presiding over this case.

Plaintiff filed the instant Motion on June 2, 2022, requesting a four-month extension of the discovery deadline from June 16, 2022, to October 14, 2022.  *Doc. 77* at 1.  Defendants Lockheed Martin Corp. and Advanced IT Concepts, Inc. (AITC) filed separate responses to the Motion on June 10, 2022.  *See doc. 86; doc. 88*.  The Motion was fully briefed on June 15, 2022, with the filing of Plaintiff's replies.  *See doc. 94; doc. 95*.

**II.    LEGAL STANDARD**

Extensions of deadlines contained in a court's scheduling order are governed by Federal Rule of Civil Procedure 16(b)(4), which provides that courts may only grant such extensions for good cause shown. *See* Fed. R. Civ. P. 16(b)(4). "Whether to extend or reopen discovery is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). "Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (internal brackets and quotations omitted) (quoting 3 James Wm. Moore, Moore's Federal Practice – Civil § 16.14[1][b] (3d ed. 2019)). Rule 16(b) permits courts to consider possible prejudice to the nonmoving party, *see id.*, but "does not focus on the bad faith of the movant, or the prejudice to the opposing party," *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

The most important factor for Rule 16(b)'s "good cause" standard is the diligence of the party seeking the extension. *Heuskin v. D&E Transp., LLC*, Civ. No. 19-957 MV/GBW, 2020 WL 5367027, at *4 (D.N.M. Sept. 8, 2020) (citing, *inter alia*, *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo.

2001) (quoting *Colo. Visionary Acad.*, 194 F.R.D. at 687). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Tesone*, 942 F.3d at 989 (internal brackets omitted) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

### III. ANALYSIS

As an initial matter, the Court disagrees with Defendant AITC's contention that the pendency of Plaintiff's Rule 72 Objections (*doc. 68*) and the instant Motion create a situation where Plaintiff is "simultaneously seeking the same relief from two different courts at the same time." *See doc. 88* at 1, 3-5. The relief Plaintiff seeks in the instant Motion—a four-month extension of the discovery deadline—is dissimilar to the relief denied by the Court's Order Denying Expert Deadline Extension to which Plaintiff filed objections that are pending before the District Judge presiding over this case. *Compare doc. 52* (denying Plaintiff an extension of her expert disclosures deadline under Federal Rules of Civil Procedure 16(b)(4) and 6(b)), *and doc. 68* at 11 (requesting the "Court to return this matter to the Magistrate Judge with instructions to extend Plaintiff's expert disclosures deadline"), *with doc. 77* (requesting an extension of the discovery deadline under Federal Rule of Civil Procedure 16(b)(4)). The Court's Order Denying Expert Deadline Extension did not address Plaintiff's previous request for entry of a new scheduling order, *see generally doc. 52*, as Plaintiff had abandoned that request for a

4

narrower one: an extension of her expert disclosures deadline, *see id.* at 2; *doc. 46* at 1. Therefore, despite similarly requiring application of Federal Rule of Civil Procedure 16(b)(4) and pertaining to some of the same facts as those underlying Plaintiff's earlier Motion for Continuance of Trial Date and for Entry of Amended Scheduling Order, the instant Motion is not a motion to reconsider. Because the instant Motion and Plaintiff's Rule 72 Objections (*doc. 68*) request different relief and are not based on identical sets of facts, the Court does not find that prudential considerations require it to deny the Motion or hold it in abeyance pending resolution of Plaintiff's objections. The Court turns, then, to the Motion's merits.

### A. Good Cause Exists for a One-Month, Limited Extension

Plaintiff requests a nearly four-month extension of the discovery deadline from June 16, 2022, to October 14, 2022, so that she may depose Defendants' four expert witnesses and so the parties may conduct additional depositions of one or more fact witnesses from the United States Army or the United States Army's Rule 30(b)(6) deposition. *See doc. 77* at ¶ 2; *doc. 94* at 2-4; *doc. 95* at 3-5. The Court finds that Plaintiff has not shown good cause for a blanket four-month extension based on her lack of diligence with respect to fact discovery and because an extension of that length is not warranted by the discovery that she argues remains to be completed in this case. However, because the Court also finds that Plaintiff exhibited some diligence when

5

seeking to depose Defendants' experts and Defendants' intransigence contributed to her need to seek an extension of the discovery period to do so, it will grant a one-month extension of the discovery period solely for the purpose of scheduling the depositions of Defendants' four expert witnesses.

There is no doubt that Plaintiff demonstrated a lack of diligence in scheduling the depositions, particularly those of fact witnesses, and that her idleness contributed to the parties' inability to schedule the depositions of Defendants' four expert witnesses prior to the discovery deadline of June 16, 2022. Despite being afforded more than twenty-eight weeks to complete discovery, Plaintiff waited until there were approximately three weeks remaining in the discovery period to contact defense counsel about scheduling depositions of their fact and expert witnesses. *See doc. 77* at ¶¶ 4-5; *doc. 77-*2 at 1; *doc. 77-3* at 1; *doc. 77-10* at 1; *doc. 77-12* at 1. Defendants disclosed their expert witnesses' identities on April 8, 2022, *see doc. 48*; *doc. 49*, but Plaintiff did not attempt to schedule these witnesses' depositions until six weeks later on May 24, 2022, *see doc. 77* at ¶ 5 (citing *doc. 77-10* and *doc. 77-12*), when fewer than ten days remained for her to notice these depositions for dates that both fell before the close of discovery and complied with Local Rule 30.1's timing requirements, *see doc. 37* at 2 (setting the discovery deadline for June 16, 2022); D.N.M.LR-Civ. 30.1 (requiring depositions to be noticed fourteen days in advance absent stipulation otherwise). Similarly, while

6

Defendant Lockheed disclosed Alfredo Galvan and Francisco Pinion as two fact witnesses on April 13, 2021, *see doc. 9* at 9; *doc. 10*; and Defendant AITC did so six months later, *see doc. 33* at 9-10, Plaintiff waited until May 26, 2022—thirteen months after learning that these witnesses may have relevant information—to start scheduling their depositions, *see 77* at ¶ 4 (citing *doc. 77-2* and *doc. 77-3*).

The parties' task of scheduling those six depositions was made more difficult by the fact that the parties were concurrently attempting to reschedule during the same three-week window the depositions of Plaintiff and her spouse, *see doc. 77-1* at 1, who had failed to appear on the previously-noticed dates for their depositions,[1] *see doc. 72-3* at 4:2-6, 8:11-16. Additionally, a Rule 30(b)(6) deposition of the United States Army had been previously noticed for June 6, 2022, which impacted counsel's availability during those weeks. *See doc. 77-11* at 8.

The Court finds that Plaintiff was particularly dilatory in failing to confer with defense counsel about scheduling the depositions of Defendants' fact witnesses for more than 13 months and recognizes that if Plaintiff had acted with greater diligence in scheduling them, the parties may have had greater success in scheduling the depositions of defense experts prior to the end of discovery. However, because the

---

[1] These dates were the rescheduled dates of Plaintiff and her spouse's depositions; the first scheduled depositions of Plaintiff and her spouse on March 23 and 24, 2022, were vacated by Defendant AITC upon Plaintiff's failure to timely respond to its discovery requests. *See doc. 76-1; doc. 72-3* at 26-27.

Court presumes that the depositions of Mr. Galvan and Mr. Pinion occurred as agreed on June 7 and 8, 2022, *see doc. 77-6* at 1, it focuses on the narrower issue of evaluating whether Plaintiff has shown good cause to extend the discovery deadline for depositions that are outstanding: the depositions of Defendants' expert witnesses and additional fact witnesses for the United States Army, if not the United States Army itself.

As to expert depositions, Plaintiff offers no explanation for why she did not confer with opposing counsel about scheduling them for the six weeks following Defendants' expert disclosures. *See generally doc.* 77. Sister courts in this district and in the Tenth Circuit have held that failures to explain a delay in pursuing needed discovery may defeat a finding that good cause exists. *See Kone v. Tate*, Case No. 20-1080-TC-ADM, 2021 WL 1210009, at *2 (D. Kan. Mar. 31, 2021) (explaining that a movant had not shown good cause for a 60-day extension of discovery deadlines based on its need to obtain outstanding medical records, because the court did not know what actions, if any, the movants had "[taken] to obtain [those] medical records during the first nearly three and one-half months of discovery" but adding that the requested extension was ultimately granted based on the case being reassigned to a new presiding judge); *Torres v. United States*, No. 2:13-cv-00402-RB-CG, 2014 WL 12791247, at *2 (D.N.M. May 14, 2014) (finding that good cause did not exist to extend the discovery

8

deadline so that the movant could depose the nonmovant's expert because the motion was limited to "recit[ing] the timeline of the communications between the parties as to [deposition scheduling] but [did] not contain a justification for [the movant's] delay in scheduling the deposition," when the movant had been aware of the nonmovant's expert for seven months and first contacted the nonmovant's counsel about deposition scheduling approximately three weeks before the close of discovery).

The Court finds such cases distinguishable here. They involved lapses of multiple months in which the movant did not pursue discovery and subsequently did not explain when moving for an extension. By contrast, Plaintiff's counsel contacted defense counsel to request their experts' availability on May 24, 2022, *see doc. 77-10*; *doc. 77-12*, so the lapse of time during which Plaintiff did not pursue these depositions was six weeks, *cf. Heuskin*, 2020 WL 5367027, at *4 (extending the discovery period to take a party's deposition despite the movant's failure to take action to notice that deposition during six weeks of the discovery period).

While the Court does not condone in any way the lack of diligence evidenced by this six-week lapse, the Court finds that Plaintiff did not exhibit a total lack of diligence with regards to deposing Defendants' experts, and the lack of diligence she did exhibit was not the only cause of her failure to depose Defendants' experts within the original discovery period. In the final three weeks of the discovery period, Plaintiff followed up

9

her initial request to defense counsel about scheduling the experts' depositions with at least three additional emails on May 26 and 27, 2022, *see doc. 77-2*; *doc. 77-4* at 1; *doc. 77-5* at 1; *doc. 77-6* at 1, and several phone calls, *see doc. 77-2*; *doc. 77-3*.

Having reviewed copies of some of these exchanges, the Court concludes that Defendants contributed to Plaintiff's inability to schedule depositions of the four defense experts. Counsel for Defendant Lockheed offered potential dates of availability for its experts but conditioned its acceptance of notices for their deposition on Plaintiff (1) ceasing her attempts to disclose an expert witnesses after her expert disclosures deadline passed by withdrawing her Rule 72 objections and supplemental Rule 26 disclosure or (2) agreeing to not pursue additional depositions of its experts if they supplemented, modified, or changed their opinions. *See doc. 77-4* at 2. Defendant Lockheed maintained these conditions throughout the remainder of the parties' communications about deposition scheduling until Plaintiff filed the instant Motion. *See, e.g., doc. 77-5* at 2. For its part, Defendant AITC responded that its experts had no availability at any time in the final three weeks of the discovery period due to Plaintiff's delay in contacting defense counsel to schedule depositions of its experts and "the short notice provided by [Plaintiff's] request." *Doc. 95-4* at 2. And, despite stating that its experts were not available for the remainder of the discovery period, counsel for

Defendant AITC was not willing to confer with Plaintiff's counsel about a stipulated extension to the discovery deadline so that Plaintiff could depose its experts before trial.

Given these exchanges, the Court is mindful that it has often construed "good cause" to require that "scheduling deadlines cannot be met despite a party's diligent efforts." *See, e.g., New Mexico ex rel. Balderas v. Real Est. L. Ctr., P.C.*, 429 F. Supp. 3d 996, 1006 (D.N.M. 2019) (citing *Street v. Curry Bd. of Cnty. Comm'rs*, No. CIV 06-0776 JB/KBM, 2008 WL 2397671, at *6 (D.N.M. Jan 30, 2008)). With that standard in mind, the Court concludes that Defendant Lockheed's attempt to unilaterally coerce Plaintiff into either giving up her efforts to avoid proving her claims without an expert of her own, without taking the deposition of Defendant Lockheed's experts, or without taking an additional deposition of Defendant's Lockheed's experts should they supplement their reports, and Defendant AITC's failure to confer in good faith about deposition scheduling thwarted Plaintiff's ability to depose at least some of Defendants' experts by the discovery deadline.[2]

Additionally, the Court finds that Defendants suffer little prejudice from a short extension of the discovery period for the limited purpose of allowing Plaintiff to depose Defendants' expert witnesses. Trial is not set until January 9, 2023, with motions in

---

[2] The Court notes that Local Rule 30.1's requirements that parties serve notices of depositions fourteen days in advance of the scheduled deposition would have placed further stress on the parties' ability to schedule the expert depositions at issue prior to the discovery period. However, the parties could have shortened this time frame by agreement. *See* D.N.M. L.R.-Civ. 30.1.

11

limine due December 9, 2022, *see doc. 70* at 1, so a short and limited extension of the discovery period should not interfere with the parties' preparation for trial.

The Court also disagrees that unfair prejudice to Defendants will flow from enabling depositions of their experts to go forward after the dispositive and *Daubert* motions deadline or from the time and expenses that the depositions will require of Defendants. *See doc. 86* at 9. From the outset of the case, it was foreseeable and expected that Plaintiff would have the opportunity to depose Defendants' experts and that those depositions would require Defendants to spend time and incur expenses. These expenditures are inherent in litigation and are not the type of prejudice that adversely affects Defendants' ability to litigate this case. *Cf. City of Las Cruces v. United States*, Civ. No. 17-809 JCH/GBW, 2021 WL 5207098, at *48 (D.N.M. Nov. 9, 2021) (finding that the prejudice that arises from preparing for and defending depositions that had been foreseeable since the start of discovery is not undue).

Based on the foregoing, the Court finds that it is appropriate to grant Plaintiff a one-month extension of the discovery period for the sole purpose of deposing the four expert defense witnesses who have been identified by Defendants: Mr. Tom Kelly, Dr. David Martin Simpson, Dr. John King, and Dr. Steven Croft. *See doc. 48*; *doc. 49*.

### B. Plaintiff Has Not Shown Good Cause for a Four-Month Extension

The Court's denial of Plaintiff's request for a four-month extension of the discovery deadline is based on its finding that the other outstanding discovery referenced in the instant Motion are not grounds to extend the discovery period.  First, Plaintiff argues that good cause exists to extend the discovery deadline to depose Rule 30(b)(6) representatives of the United States Army.  *See doc. 94* at 2-4.  In the instant Motion, filed before the date noticed for the Army's deposition, Plaintiff initially argued that an extension of the discovery period was warranted in part because counsel for Defendant Lockheed had noticed and subpoenaed the Rule 30(b)(6) deposition of the United States Army but could not confirm the Army's cooperation, so Plaintiff was not "certain of when or how many United States Army individuals are to be deposed." *Doc. 77* at ¶ 8.  The United States Army did not appear for its deposition on June 6, 2022, but authorized Donald Brown, an officer with knowledge of five of the topics that had been noticed, to appear and testify in his individual capacity on that date.  *See doc. 94-3* at 6:8-7:2; *doc. 94-4* at 5:7-15.  Mr. Brown did not testify about the other ten topics or information that the Army deemed privileged and not requested with specificity by Defendant Lockheed.  *See doc. 94* at 2-4; *doc. 94-4* at 5:7-18.  Plaintiff now takes the position that discovery should be extended to permit the Rule 30(b)(6) deposition of the Army or fact witness provided by the Army on the ten topics Mr. Brown did not discuss.  *See doc. 94* at 4.

At this time, the Court does not find that the outcome of Mr. Brown's deposition or non-appearance by the U.S. Army to appear at its deposition warrants extending discovery.[3] There is no indication that Plaintiff assisted in drafting the list of 15 noticed deposition topics or any of the ten noticed topics to which Mr. Brown could not testify, and Defendant Lockheed, the party that noticed and subpoenaed the Army's deposition, does not agree with Plaintiff that the outcome of the June 6 deposition warrants an extension of the discovery period to obtain testimony on topics not covered by Mr. Brown. *See doc. 86* at 5 n.1. Despite Plaintiff's assertion that the "[t]opics on which the United States Army representative could not testify to … are critical issues in this case and go directly to the allegations in Plaintiff's Complaint (Doc. 26)," *see doc. 94* at 3, the Court is unaware of any past or ongoing efforts by Plaintiff to pursue any depositions on these topics. Finally, although Plaintiff emphasizes that counsel for the United States Army expressed a willingness to reconsider providing a fact witness to testify on the privileged topics to which Mr. Brown could not testify if the Army received a more specific request about them, *see doc. 94* at 3-4 (citing *doc. 94-4* at 5:15-22), the Court is unaware of any past or ongoing efforts on the part of any party to submit such requests. Therefore, based on the limited briefing on the issue before the Court, the Court does not find the potential (and not clearly specified) need to take the Rule

---

[3] This finding is made without prejudice as to a party filing a renewed motion to reopen discovery on the basis that further depositions of representatives of the United States Army are needed.

30(b)(6) deposition of the United States Army or depositions of fact witness made available by the Army to be grounds to extend the discovery period.

Plaintiff also argues that an extension of the discovery period is warranted because Defendant Lockheed served a request for production on one of Plaintiff's medical care providers that requested compliance by June 17, 2022, the day after the discovery deadline. *See doc. 77* at ¶ 9. Defendant Lockheed explains that the request for production at issue arose from a subpoena *duces tecum* that was first served on March 16, 2022, before being redirected to a different entity on April 25, 2022, which advised Defendant Lockheed that the request actually needed to be directed at a third entity— Plaintiff's medical provider. *See doc. 86* at 7 n.3. The Court's Order Setting Pretrial Deadlines and Briefing Schedule established that service of requests for production are only considered timely if responses are due prior to the discovery deadline. *See doc. 37* at 2. But, given Defendant Lockheed's explanation and Plaintiff's representation that she is only "draw[ing] the ... Court's attention to the ... (untimely) discovery request to highlight the need for extending the discovery deadline," *see doc. 77* at ¶ 9, the Court does not find that this untimely request supports extending discovery, particularly where the response deadline has already passed.

Finally, the Court does not find good cause at this time to extend discovery on the basis of Plaintiff's prediction that Defendant Lockheed's expert witnesses will

supplement, change, or modify their opinions in the future, an argument that Plaintiff raised for the first time in reply. *See doc. 94* at 5-6. Plaintiff's contention that Defendant Lockheed's experts will change their opinions is based on one of the alternative conditions—discussed at greater length above—that Defendant Lockheed imposed upon its willingness to accept deposition notices for its experts. *See doc. 94* at 6 (citing *doc. 94-4* at 1 (stating as one of the alternative conditions that Plaintiff "[would] not pursue additional depositions of [Defendant Lockheed's expert witnesses] later on in the event [they] supplement, modify, or otherwise change their opinions in response to future events")). This is not a basis for expanding the discovery period because at this stage, whether Defendant Lockheed's experts will supplement, change, or modify their opinions is pure speculation and the propriety of any such supplementation is not before the Court.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's Opposed Motion for Modification of Order Setting Pretrial Deadlines and Briefing Schedule (Document 37) (*doc. 77*) is GRANTED IN PART and DENIED IN PART. IT IS HEREBY ORDERED:

(i) The Court will grant a limited extension of the discovery period, **through one month after the issuance of this Order,** for the limited and sole purpose of Plaintiff deposing Mr. Kelly, Dr. Simpson, Dr. King, and Dr. Croft.

(ii) The parties shall immediately meet and confer to determine mutually agreeable dates for these depositions. The parties shall inform the Court of their progress **no later than one week from the issuance of this Order** by filing proof of service of deposition notices on the docket or by contacting the Court for a status conference in the event their meet and confer process is not successful.

(iii) Pursuant to Federal Rule of Civil Procedure 30(b) and Local Rule 30.1, to facilitate the parties' scheduling of these depositions the Court will shorten the time for serving notice of these depositions to seven (7) days before the scheduled deposition.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE