UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

CRYSTAL TAITT-PHILLIP,

    Plaintiff,

v.                                                            2:21-cv-00150-DHU-GBW

LOCKHEED MARTIN CORP. and
ADVANCED IT CONCEPTS, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the following pending motions: Defendant Lockheed Martin Corp.'s ("Lockheed") Motion for Summary Judgment (Doc. 50); Lockheed's Motion for Summary Judgment – No Medical Causation (Doc. 51); Crystal Taitt-Phillip's ("Plaintiff's") Motion for Leave to File Responses to Defendant Lockheed Martin's Motions for Summary Judgment (Doc. 65); Lockheed's Motion for Order to Show Cause and to Strike Plaintiff's Expert Disclosures and Responses to Motions for Summary Judgment (Doc. 73); Lockheed's Motion to Strike Untimely Responses to Lockheed's Motions for Summary Judgment (Doc. 74); Advanced IT Concepts, Inc.'s ("AITC") Motion to Strike Plaintiff's Purported Expert Disclosure; Preclude Any Expert Testimony Proffered by Plaintiff; and Attorney's Fees and Costs (Doc. 93); AITC's Motion for Entry of Summary Judgment on all Claims for Failure to Establish All Required Elements; Supporting Memorandum (Doc. 107); AITC's Motion to Dismiss All Claims for Multiple Violations and Abuses; for an Order to Show Cause; and for Attorney's Fees and Costs (Doc. 115); Plaintiff's Motion for Leave to Supplement Evidence in Support of Her Opposition to Defendants' Motions for Summary Judgment (Doc. 148); Plaintiff's Motion for Leave to

Supplement Evidence in Support of Her Opposition to Defendants' Motions for Summary Judgment (Doc. 149); and Plaintiff's Motion for Leave to File Supplemental Evidence in Support of Her Opposition to Defendants' Motions for Summary Judgment (Doc. 151).

On November 21, 2022, the Court held a hearing and heard argument on the above motions. During the hearing, the Court orally **GRANTED** the following motions:

1) Plaintiff's Motion for Leave to File Responses to Defendant Lockheed Motions for Summary Judgment (Doc. 65);[1]

2) Plaintiff's Motion for Leave to Supplement Evidence in Support of Her Opposition to Defendants' Motions for Summary Judgment (Doc. 148);

3) Plaintiff's Motion for Leave to Supplement Evidence in Support of Her Opposition to Defendants' Motions for Summary Judgment (Doc. 149); and

4) Plaintiff's Motion for Leave to File Supplemental Evidence in Support of Her Opposition to Defendants' Motions for Summary Judgment (Doc. 151).[2]

At the hearing, the Court also **DENIED** Lockheed's Motion to Strike Untimely Responses to Lockheed's Motions for Summary Judgment (Doc. 74).[3]

The Court took the remaining motions under advisement. As explained more fully below, the Court denies Defendants' request for a variety of sanctions, orders additional expert discovery and establishes additional deadlines related to that discovery, and reserves ruling on Defendants' remaining dispositive motions.

---

[1] Because Plaintiff has already filed the response briefs on the docket, no further action by Plaintiff is needed.

[2] Because Plaintiff has already filed the supplemental evidence on the record, no further action by Plaintiff is needed. In light of this ruling, the Court will grant Defendants leave to file supplemental reply briefs within **21-DAYS** of entry of this Order.

[3] Lockheed twice moved to strike Plaintiff's summary judgment response briefs in separate pleadings (Docs. 73 and 74). The Court's ruling applies to both motions.

## BACKGROUND

To better contextualize Defendants' motions, the Court sets out the following background information. In November 2021, Federal Magistrate Judge Wormuth reset pretrial deadlines in a scheduling order which established expert disclosure deadlines of February 4, 2022 for Plaintiff and April 8, 2022 for Defendants. *See* Doc. 37. The order established a June 16, 2022 deadline for discovery and July 18, 2022 dispositive motion deadline.

Plaintiff's February 4, 2022 expert disclosure deadline passed without Plaintiff disclosing experts. In March 2022, she moved to extend the expert disclosure deadline. Plaintiff explained that her prior lead counsel had died and that after his passing, "it was discovered – on the day of the [expert disclosure] deadline – that the paralegal who had been responsible for calendaring deadlines … had not done so." Doc. 46, 3.

On April 28, 2022, the Magistrate Judge entered a Memorandum Opinion and Order denying Plaintiff's motion to extend the expert disclosure deadline. *See* Doc. 52. To prevail, the Court noted, Plaintiff had to satisfy both Fed. R. Civ. P. 6(b)(1)(B), which governs extensions of time when the deadline for completing an act has passed, and Fed. R. Civ. P. 16(b)(4), which governs modifications to scheduling order deadlines. The Court found that Plaintiff failed to establish good cause under Rule 16(b)(4). Using a similar rationale for the Rule 6(b)(1)(B) inquiry, the Court held that Plaintiff's alleged calendaring error was not excusable neglect given that her "counsel has done nothing to select hire, coordinate with, identify or properly disclose experts." *Id*. at 15. Allowing late-added experts would result in hardship for Defendants, the Court said, because although Defendants could possibly depose experts before the June 16, 2022 discovery deadline, Defendants "would be unable to add additional defense experts to respond to Plaintiff's expert(s) within the confines of the existing discovery schedule." *Id.* at 13. The Court also found

that Plaintiff had been "dilatory during the discovery process" by not "timely provid[ing] [her] discovery responses to" AITC. *Id.* at 16.

On April 18, 2022, Lockheed filed its initial two motions for summary judgment, *see* Docs. 50, 51, which required Plaintiff to file response briefs by May 2, 2022 under D.N.M.LR-Civ 7.4(a). Plaintiff filed no responses. On May 11, 2022, she moved for leave to file summary judgment response briefs. Plaintiff, by her own admission, did not meet the May 2 deadline, but argued that she "did not receive service at the correct appointed [email] address … and as such, had no knowledge" of the summary judgment motions. Doc. 65, 1. This "calendaring error," she says, occurred during the unanticipated change of legal counsel. *Id*. at 3. When she saw the error, she quickly moved to rectify the situation. *See id.* To that end, Plaintiff contemporaneously filed the response briefs on the docket.

On May 12, 2022, Plaintiff then filed "Rule 72 Objections" seeking "*de novo* review of the Order and findings of the Magistrate Judge." Doc. 68, 1.

On May 13, 2022, Plaintiff, for the first time, disclosed John Tobias as "a retained expert ... who will give opinions and testimony regarding electrical engineering" matters. Doc. 73-2. The disclosure contained Mr. Tobais' CV but not his signed expert report.

Plaintiff's deposition was noticed for May 19, 2022.  The day before, on May 18, Plaintiff's counsel emailed Defendants' counsel that she would not attend the deposition because of "the wrong email address being used for service." Doc. 73-3. Plaintiff did not appear at the deposition and the court reporter appended a certificate of non-appearance of witness to the transcript.

On May 24, 2022, Plaintiff's lawyer emailed the defense teams asking for dates to take depositions of Defendants' four expert witnesses. Defendant Lockheed offered potential dates to depose witnesses. However, in a May 26, 2022 email, Lockheed's lawyer conditioned his

acceptance of deposition notices on Plaintiff withdrawing her Rule 72(a) objections and her Rule 26 supplemental disclosure of an expert, or, alternatively, on Plaintiff assenting to not "pursue additional depositions of these witnesses later on in the event Lockheed's experts supplement, modify, or otherwise change their opinions in response to future events." Doc. 77-4, 2.

On June 2, 2022, two weeks before the June 16 discovery deadline, Plaintiff moved the Court for a four-month extension to schedule depositions of Defendants' four expert witnesses and to conduct additional depositions of one or more fact witnesses from the United States Army or the Army's Fed. R. Civ. 30(b)(6) witness. The Magistrate Judge partially granted Plaintiff's request to extend discovery for Plaintiff to depose Defendants' four expert witnesses. The Court first noted that Plaintiff's request for a four-month extension was unwarranted because "[d]espite being afforded more than twenty-eight weeks to complete discovery, Plaintiff waited until there were approximately three weeks remaining in the discovery period to contact defense counsel about scheduling depositions." Doc. 130, 6. However, the Court found that a one-month extension for the limited purpose of deposing Defendants' four experts was warranted because Lockheed's attempts to "unilaterally coerce Plaintiff" to accept its conditions, combined with AITC's failure to confer in good faith about deposition scheduling, "thwarted Plaintiff's ability to depose at least some of Defendants' experts by the discovery deadline." *Id.* at 11. The Court therefore provide Plaintiff one month from the entry of the Order to depose the four experts.

## ANALYSIS

Defendants move to strike Mr. Tobias as an expert witness and for an order requiring Plaintiff to show cause why she should not be sanctioned based on Plaintiff's alleged litigation misconduct. AITC also filed a motion to dismiss all claims with prejudice based on multiple

alleged litigation violations and moved for a similar show-cause order. Both Defendants request reimbursement of attorneys' fees and costs.

I.  **Defendants' Motions to Strike Mr. Tobias, for Plaintiff to Show Cause, and for Reimbursement of Attorneys' Fees and Costs Are Denied.**

Defendants argue that Plaintiff's late disclosure of Mr. Tobias exposed Plaintiff to sanctions under Fed. R. Civ. P. 37, which provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[T]he determination of whether a Rule 26(a) [or (e)] violation is justified or harmless is entrusted to the broad discretion of the district court." *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017) (citation omitted). The Rule 37(c)(1) inquiry "depends upon several factors that a district court should consider in exercising its discretion." *Id.* (citation omitted) (emphasis removed). These factors include: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

The Court acknowledges that Plaintiff made a late disclosure by identifying Mr. Tobias for the first time on May 13, 2022 even though her expert disclosure deadline was February 4, 2022. However, Plaintiff's failure to comply with Fed. R. Civ. P. 26(a)'s strictures does not automatically mean that Mr. Tobias must be excluded. The first *Woodworker's Supply* factor, prejudice or surprise, certainly favors Defendants, but only slightly. The Court is mindful that Plaintiff did not identify an expert in accordance with the Court's scheduling order and that her failure to do so

6

hampered Defendants' ability to prepare their expert witnesses to respond to Mr. Tobias. The Court also recognizes that if Mr. Tobias is not excluded, then discovery will likely need to be reopened for, at a minimum, an additional deposition related to Mr. Tobias. On the other hand, the late disclosure occurred about three months after the deadline, which is not so unreasonable to justify excluding Mr. Tobias. *Cf. Martinez v. Cont'l Tire the Americas, LLC*, No. 117CV00922KWRJFR, 2022 WL 1202595, at *2 (D.N.M. Apr. 22, 2022) (finding that expert disclosure made three-years after the deadline was prejudicial). Moreover, the disclosure was filed eight months before the original trial date in this matter and, even though the time remaining in the discovery period may not have been sufficient for the Defendants to designate additional expert witnesses if needed, they could have moved for additional time to do so and likely would have been granted that request in light of the late disclosure by Plaintiff. In sum, the Court finds that the first *Woodworker's Supply* factor weighs in Defendants' favor, but only slightly.

However, the second, third, and fourth *Woodworker's Supply* factors – the ability to cure the prejudice, trial disruption, and bad faith – weigh in favor of not excluding Mr. Tobias. Consistent with this Order, Defendants will be allowed time to depose Mr. Tobias, file a *Daubert* motion and summary judgment motions challenging Mr. Tobias' opinions, and designate a rebuttal expert should Defendants see fit. Moreover, at the motion hearing the Court vacated the January 9, 2023, trial and associated trial deadlines, so at this stage Mr. Tobias' entry in this case would not be disruptive to trial. Finally, the Court detects no bad faith on Plaintiff's or her lawyers' part that arises to such a severe level to dismiss Plaintiff's claim with prejudice.

A weighing of the *Woodworkers Supply* factors thus shows that only the first factor, prejudice, slightly weighs in Defendants' favor. However, the second, third, and fourth factors

weigh in favor of not excluding Mr. Tobias. Defendants' request under Fed. R. Civ. P. 37(c)(1) to exclude Mr. Tobias will therefore be denied.

Both Defendants have requested reimbursement of reasonable expenses incurred in bringing their motions pursuant to Fed. R. Civ. P. 37, although the Defendants rely on different subparts of Rule 37 as authority for their request. The Court will not award attorney's fees or costs under either subpart of Rule 37. There is no indication that Lockheed complied with Rule 37(a)'s requirement to certify in its motion that it attempted in good faith to confer with Plaintiff before filing the motion. *See* Fed. R. Civ. P. 37(a)(1). AITC moved for sanctions under Rule 37(c), which relates to a party's failure to make an initial disclosure, supplement an earlier discovery response, or make a requested admission. *See* Fed. R. Civ. P. 37(c). As explained earlier, because the disclosure of Mr. Tobias was not so egregious to justify excluding him, the Court declines AITC's request for recovery of its attorneys' fees and costs. For substantially similar reasons, the Court also denies Defendants' request for an entry of a show-cause order as a sanction against Plaintiff.

Given the Court's ruling permitting the disclosure of Mr. Tobias, the Court orders the parties to comply with the briefing scheduling and deadlines set forth on pages 13-14 of this Order.

## II.  Defendants' Motions to Dismiss Plaintiff's Case with Prejudice Is Denied.

In addition to the sanctions previously discussed, AITC moved for dismissal of Plaintiff's case. Lockheed joined AITC's motion. Defendants rely upon Federal Rule of Civil Procedure 37(b)(2) which states that "[i]f a party … fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court … may issue" an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Before dismissing a case with prejudice as a sanction under Rule 37, a district court should evaluate the *Ehrenhaus* factors. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

>Those factors are:
>
>(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 921).

Dismissal of an action with prejudice is "a drastic sanction that should be employed only as a last resort." *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009) (citation omitted). Because it is "an extreme sanction," the Tenth Circuit has instructed courts to dismiss actions with prejudice "only in cases involving willfulness, bad faith, or [some] fault on the part of the party to be sanctioned." *The Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005). Dismissal is not usually an appropriate sanction for "inadvertence or simple neglect" or "isolated instances of noncompliance." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464–65 (10th Cir. 1988).

Concerning the first *Ehrenhaus* factor, Defendants primarily argue that Plaintiffs' conduct unnecessarily delayed the litigation, created uncertainty around defense strategy and expert witnesses, and increased legal fees for their clients. Specifically, AITC argues that Plaintiff's infractions include: not providing AITC copies of Plaintiff's initial disclosures and discovery responses, and then missing an agreed-upon March 14, 2022 deadline for Plaintiff to provide AITC discovery responses; untimely disclosing Mr. Tobias as an expert; untimely filing summary judgment response briefs; divulging a confidential document; not filing notices of completion of briefing; not showing-up for a deposition; not making required initial Rule 26 disclosures; and disposing of evidence – namely the boots and jacket Plaintiff was wearing when she was injured.

9

The Court notes, first, that it does not necessarily agree with AITC's characterizations of Plaintiff's conduct. In fact, both sides have given plausible explanations for litigation events. For example, while Defendants state that Plaintiff failed to appear at a scheduled deposition and did not respond to Lockheed's initial summary judgment, Plaintiff states that Defendants served the deposition notice and summary judgment motions to the wrong email address. The Court need not resolve that dispute here because, even assuming Defendants have shown alleged misconduct by Plaintiff, the Court finds that the prejudice to Defendants fails to rise to the level required to merit the severe sanction of dismissal. While the Court does not condone or approve some of Plaintiff's conduct, her conduct resembles "inadvertence or simple neglect" or "isolated instances of noncompliance," that do not justify dismissing her case with prejudice. *Ocelot Oil Corp,* 847 F.2d at 1464–65.

As for the second *Ehrenhaus* factor, although Plaintiff's conduct has somewhat interfered with the judicial process by causing some delay, the Tenth Circuit has affirmed dismissal with prejudice as a discovery sanction only in cases with far greater interference than that committed by Plaintiff. *See, e.g., Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (plaintiff's interference included "hundreds of wasted hours by [the opposing party], the court"); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) (finding dismissal was warranted where plaintiffs' "failure to attend the pretrial conferences, to submit a proposed pretrial order, and to appear at their depositions … hindered the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party"). Compared to these cases, the Court finds that the degree of Plaintiff's interference is not so great to justify dismissing her case with prejudice.

The third *Ehrenhaus* factor requires "'willfulness, bad faith, or [some] fault' rather than just a simple 'inability to comply.'" *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) (quoting *Archibeque v. Atchison, Topeka & Santa Fe Ry.*, 70 F.3d 1172, 1174 (10th Cir. 1995) (alteration in original)). After reviewing relevant cases on the third prong of *Ehrenhaus*, the Court finds that Plaintiff's purported misconduct does not arise to the level of willfulness, bad faith, or some fault sufficient to justify dismissing her case with prejudice. *See Archibeque,* 30 F.3d at 1174 (affirming dismissal because of the "egregious nature" of plaintiff's conduct including concealing her medical history, repeatedly perjuring herself and failed to cooperate in the discovery process); *Garcia v. Berkshire Life Ins. Co. Of Am.*, 569 F.3d 1174, 1181 (10th Cir. 2009) (plaintiff was culpable where she personally submitted fabricated evidence over several years in an effort to win her case); *LaJeunesse v. BNSF Ry. Co.*, 333 F.R.D. 649, 652 (D.N.M. 2019) (dismissing plaintiff's case because he "lied … in written discovery responses and at his deposition; purposefully engaged in obstructionist behavior at his deposition; and misrepresented facts or otherwise obstructed [the defendant's] access to discoverable information."). As stated above, the Court finds that, at most, Plaintiffs' conduct amounts to "inadvertence or simple neglect" or "isolated instances of noncompliance" that does not justify dismissal of her case. *Ocelot Oil Corp.*, 847 F.2d at 1464–65.

Under the fourth *Ehrenhaus*, the Court notes that it has not given Plaintiff a prior warning that a dismissal of her case with prejudice could occur. Although a pre-warning is not a prerequisite for dismissal, *see Ecclesiastes*, 497 F.3d 1135, 1149, the Court believes that in this case a pre-warning would be necessary and appropriate before dismissal because Plaintiff's infractions have not so severely prejudiced Defendants or interfered with the judicial process. *Cf. Archibeque* 70 F.3d at 1175 (holding that plaintiff's "egregious" conduct justified dismissing her case without a

11

prior warning). The Court holds that the lack of a previous warning weighs in favor of not dismissing Plaintiff's case with prejudice.

The fifth *Ehrenhaus* factor requires the Court to examine the efficacy of lesser sanctions. As the Tenth Circuit has stated, "because dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort." *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872–73 (10th Cir. 1987). Thus, "[i]n many cases, a lesser sanction will deter the errant party from further misconduct." *Ehrenhaus,* 965 F.2d at 920. At the pre-trial hearing, the Court informed Plaintiff's counsel that it did not condone or approve of the failure to comply with the Scheduling Order in this matter. In addition, the Court now makes clear that further non-compliance with Rule 26(a)(2)(B) or the deadlines set forth in this Order concerning the Plaintiff's expert witness, may result in the exclusion of such expert. The Court believes that these admonitions will be a lesser yet effective sanction to deter Plaintiff or her legal team from future infractions.

In summary, a weighing of the *Ehrenhaus* factors shows that no factors weigh in favor of dismissing Plaintiff's case with prejudice and therefore Defendants' motions are denied. Furthermore, because Plaintiff's conduct is not sanctionable, the Court denies Defendants' request for recovery of attorneys' fees and costs. *Cf.* Fed. R. Civ. P. 37(b)(2)(C) (where a court grants Rule 37(b) sanctions, the court generally "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure....")

## CONCLUSION

For the reasons described herein, it is therefore **ORDERED** that:

1. Plaintiff's Motion for Leave to File Responses to Defendant Lockheed Martin's Motions for Summary Judgment **(Doc. 65)** is **GRANTED**.

2.      Lockheed Martin Corp.'s Motion for Order to Show Cause and to Strike Plaintiff's Expert Disclosures and Responses to Motions for Summary Judgment **(Doc. 73)** is **DENIED.**

3.      Lockheed's Martin Corp.'s Motion to Strike Untimely Responses to Lockheed's Motions for Summary Judgment **(Doc. 74)** is **DENIED**.

4.      Advanced IT Concept, Inc.'s Motion to Strike Plaintiff's Purported Expert Disclosure; Preclude Any Expert Testimony Proffered by Plaintiff; and Attorneys' Fees and Costs **(Doc. 93)** is **DENIED**.

5.      Advanced IT Concept, Inc.'s Motion to Dismiss All Claims for Multiple Violations and Abuses; for an Order to Show Cause; and for Attorney's Fees and Costs **(Doc. 115)** is **DENIED**.

6.       Plaintiff's Motion for Leave to Supplement Evidence in Support of Her Opposition to Defendants' Motions for Summary Judgment **(Doc. 148)**; Plaintiff's Motion for Leave to Supplement Evidence in Support of Her Opposition to Defendants' Motions for Summary Judgment **(Doc. 149)**; and Plaintiff's Motion for Leave to File Supplemental Evidence in Support of Her Opposition to Defendants' Motions for Summary Judgment **(Doc. 151)** are **GRANTED**. In light of this ruling, the Court provides Defendants leave to file supplemental reply briefs to Plaintiff's supplemental responses within **21-DAYS** of entry of this Order.

7.      The Court **RESERVES RULING** on the balance of the pending dispositive motions (Docs. 50, 51, 107, 108, 111, 112, 117, 119).

**IT IS FINALLY ORDERED that** Plaintiff will provide Defendants an expert report from Mr. Tobias that is signed and compliant with Fed. R. Civ. P. 26(a)(2)(B) within **30-DAYS of the date of this Order.** The Court further orders that Defendants depose Mr. Tobias within **30-DAYS** of the date that the expert report is submitted to Defendants, but no later than January 30, 2023. Following completion of Mr. Tobias' deposition, Defendants may file *Daubert* or dispositive

motions on issues relevant to the testimony of Mr. Tobias and will be granted leave to designate a rebuttal expert if Defendants believe it necessary. Any such motions or designations shall be filed no later than February 17, 2023. Plaintiff shall respond to any such motions within 14 calendar days after service of the motions, as required by the local rules of this Court, *see* D.N.M.LR-Civ. 7.4. If rebuttal experts are designated by Defendants, Plaintiffs shall have 30 days *in total* to depose such experts and file any *Daubert* motions related to them.

    **IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE