IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRYSTAL TAITT-PHILLIP,

    Plaintiff,

v.                                                       Civ. No. 21-150 DHU/GBW

LOCKHEED MARTIN CORP. and
ADVANCED IT CONCEPTS, INC.,

    Defendants.

## ORDER DENYING MOTION TO COMPEL

THIS MATTER comes before the Court on Defendant Lockheed Martin Corporation's Motion to Compel Discovery from Plaintiff (*doc. 142*). Having considered the Motion and the attendant briefing (*docs. 143, 144*), the Court will DENY the Motion.

**I.    BACKGROUND**

Plaintiff brings claims for premises liability and negligence based on an incident in which she was allegedly electrocuted while operating a piece of military training equipment. *See generally doc. 26*. Plaintiff alleges that she suffered "severe injuries" from the incident, including, *inter alia*, left arm paralysis, physical pain, mental anguish, physical impairment, and physical disfigurement. *See id.* at ¶¶ 11, 20.

Defendant Lockheed Martin Corporation ("Lockheed") filed the instant Motion to Compel Discovery from Plaintiff on September 23, 2022, requesting the Court to enter an order "compelling Plaintiff to produce photographs and video depicting Plaintiff's

physical condition" and "permitting [Defendant] Lockheed to inspect all cell phones or other devices that contain or may contain responsive photos and video depicting Plaintiff's condition." *See doc. 142* at 8.  Plaintiff responded on October 7, 2022.  *See doc. 143*.  The Motion was fully briefed on October 18, 2022, *see doc. 145*, with the filing of Defendant Lockheed's reply, *see doc. 144*.

## II.   LEGAL STANDARDS

The Federal Rules of Civil Procedure allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  They also afford the trial court "wide discretion in balancing the needs and rights" of the parties.  *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quoting *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991)).

When a party fails to respond to another party's discovery requests, the requesting party may move the Court to compel a response.  Fed. R. Civ. P. 37(a)(3)(B).  Grounds to compel include failing to produce items requested under Rule 34, *see* Fed. R. Civ. P. 37(a)(3)(B)(iv), which allows a party to "serve on any other party a request within the scope of Rule 26(b) . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . items in the responding party's possession, custody, or control," Fed. R. Civ. P. 34 (a)(1).  Under Rule 37, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose,

answer, or respond." Fed. R. Civ. P. 37(a)(4).  The party moving to compel discovery has the burden of proving that the opposing party's responses are incomplete.  *See Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1976).

**III.   ANALYSIS**

In relevant part, Defendant Lockheed's Request for Production (RFP) 4 asks Plaintiff to "produce any and all photographs, videotapes, diagrams, drawings, and other tangible items that are related to or that otherwise refer to any of the events and occurrences referred to in your Complaint[,] [i]ncluding[] anything depicting the injury(ies) and/or conditions alleged in your Complaint."  *See doc. 142-1 at 3*.  In its Motion to Compel, Defendant Lockheed requests the Court to order Plaintiff to "fully and completely respond" to RFP 4 by producing all photos and videos in her control "that would demonstrate [her] physical condition," *see doc. 142* at 3, 5, and to permit it to "inspect all cell phones or other devices that contain or may contain responsive photos and video depicting Plaintiff's condition," *id.* at 8.  Although Plaintiff argues that she is not withholding any responsive materials, *see doc. 143* at 1-2, Defendant Lockheed argues that such a claim is not believable given Plaintiff's "history of withholding information and refusing to be forthcoming with material responsive to [RFP] 4,"[1] *see*

---

[1] Plaintiff initially objected to RFP 4 and did not produce any photos or videos of herself in response.  *See doc. 142-1* at 3-4 (objecting to RFP 4 on the basis that it is "vague and ambiguous" and producing photos identified as "Photos of Plug" and "Safety Warning on Met").  Following repeated requests for supplementation from Defendant Lockheed, Plaintiff supplemented her response to RFP 4 by producing 30 photos on June 29, 2022; 208 photos on August 18, 2022; and 23 videos on August 19, 2022; prior to taking the position that there were no additional videos with which to supplement on September 7, 2022.

3

*doc. 142* at 4, and its non-receipt of any "pictures or video one would reasonably expect from a mother who is recording family vacations, the birth of a child, and other impactful events," *doc. 144* at 1; *doc. 142* at 4-5.

For purposes of the instant Motion, the Court need not indulge Defendant Lockheed's invitation to speculate whether Plaintiff is withholding additional videos of herself spending time with her family.  The Court will deny the Motion because the relief it seeks—production of all photos and videos of Plaintiff's physical condition following the incident giving rise to her claims—is broader than the scope of production requested by RFP 4.

As stated previously, the scope of production requested by RFP 4 encompasses photos and videos "depicting the injury(ies) and/or conditions alleged in [the] Complaint."  *Doc. 142-1* at 3.  By comparison, the scope of production Defendant Lockheed now seeks to compel would encompass all photos and videos showing "Plaintiff's physical condition."  *See doc. 142* at 8.  To the extent Defendant believes that photos and videos exist in which Plaintiff demonstrates an *absence* of the physical injuries and impairments alleged in her complaint, the Court finds that any such media is not responsive to RFP 4, which specifically calls for videos depicting the injuries and conditions forming the basis for Plaintiff's claims.  To be sure, evidence pertaining to

---

*See doc. 142-5*.  On October 7, 2022, the day she filed her response to the instant Motion, Plaintiff again supplemented her response to RFP 4 with additional videos.  *See doc. 143-4* at 1; *doc. 144* at 1.

4

Plaintiff's physical condition in the three years since the incident is relevant. *See* Fed. R. Civ. P. 26(b). However, where Defendant Lockheed did not craft its discovery requests to request such evidence, the Court will not cure that oversight by blessing an overbroad reading of RFP 4.

Having rejected Defendant Lockheed's argument that Plaintiff's responses to RFP 4 are incomplete because they do not contain videos depicting Plaintiff's general physical condition that Defendant Lockheed expects to exist, the Court finds no other basis for concluding that Plaintiff has not produced all photos and videos in her control that are responsive to RFP 4. Defendant Lockheed argues that Plaintiff's incremental production of responsive material during the course of its repeated requests for supplementation evidences a likelihood that she is withholding responsive materials now. *See doc. 142* at 4. But, Defendant Lockheed offers no legal authority supporting such an inference in these circumstances,[2] particularly when Plaintiff's counsel has

---

[2] In its reply, Defendant Lockheed cites *Macgregor v. MiMedx Group Inc.*, Civ. No. 19-1189-MV-GJF, 2021 WL 826575 (D.N.M. Mar. 4, 2021), in support of its assertion that Plaintiff's past dilatory production is grounds for permitting an inspection of any devices that might contain responsive photos or videos. *See doc. 144* at 6-7. The Court finds that the *Macgregor* court's decision to permit a "forensic examination" of the plaintiff's cellphone was founded on circumstances not present here. In *Macgregor*, the court recited multiple circumstances that prevented it from "rul[ing] out that Plaintiff's personal cellphone still contains responsive emails or text messages that remain undisclosed," such as the plaintiff's ability to produce text messages to and from other employees of the defendant besides the one whose messages were at issue, the plaintiff's ability to disclose messages pre- and post-dating the ones at issue, and the court finding that the plaintiff's explanation for the text messages' absence was "inconsistent with the Court's experience and intuition." *See Macgregor*, 2021 WL 826575, at *4. Moreover, the *Macgregor* court fashioned a tailored protocol involving keyword searching aimed at protecting the plaintiff's privacy during the cellphone examination, *see id.*, whereas Defendant Lockheed's request here—that it be able to "inspect all cell phones or other devices that contain or may contain responsive photos and video,"—is

5

confirmed that all responsive videos have been produced and that if any responsive videos are made prior to trial, Plaintiff will provide them. *See doc. 143-2* at 1; *doc. 143-3* at 1. Because there is no evidence before the Court of any responsive material currently being withheld, the Court currently has no grounds for entering an order compelling Plaintiff to produce additional photos and video, let alone permitting Defendant Lockheed to inspect cell phones or other devices potentially containing photos or videos of Plaintiff.

Finally, the Motion also includes a request for sanctions against Plaintiff based on her "actions described in [Defendant Advanced IT Concepts, Inc.'s ("AITC")] Motion to Dismiss [(*Doc. 115*)] . . . [in] addition [to] Plaintiff's refusal to fully respond to Lockheed's Request for Production No. 4." *See doc. 142* at 6-8. The Court denies this request based on the presiding District Judge's denial of Defendant Advanced IT Concepts, Inc.'s Motion to Dismiss All Claims for Multiple Violations and Abuses; for an Order to Show Cause; and for Attorney's Fees and Costs (*doc. 115*), *see doc. 157* at 13, and the Court's finding that Plaintiff has not failed to fully respond to Defendant Lockheed's RFP 4 at this time.

IV. **CONCLUSION**

For the foregoing reasons, Defendant Lockheed's Motion to Compel Discovery

---

much broader, *see doc. 142* at 8. The Court will not approve a broader version of the relief granted in *Macgregor* for a less egregious set of facts.

from Plaintiff (*doc. 142*) is DENIED.

Notwithstanding the denial of Defendant Lockheed's motion, the Court finds that the nature of the issues raised by the Motion and Plaintiff's delayed and repeated supplementation of her response to RFP 4 are circumstances that make an award of fees unjust. *See* Fed. R. Civ. P. 37(a)(5)(B).

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE